PER CURIAM.
This is an appeal from a final judgment in a tax assessment suit.
The question before us, as it was before ■ the trial court, is not exactly a question of tax assessment, but an interpretation' of the language used in a stipulation of the parties pertaining to tax assessment for the year 1968.
The pertinent portions of the stipulation are as follows:
“3. The parties now agreed that if said appeals result in an affirmance of the final judgment or if said appeals are dismissed without reversal or modification of said final judgment, plaintiffs will forthwith pay the taxes as originally assessed for 1968 on the properties involved in this suit, together with applicable statutory interest charges, and this suit shall then be dismissed with prejudice, with each party to bear his own costs.
“4. The parties further agree that if said appeals result in a modification of the assessed valuations contained in said final judgment, said final assessed valuation, as thus modified, shall be accepted by all parties as the assessed valuations for said properties for 1968 and plaintiffs shall forthwith pay the taxes for 1968 based on such modified valuations, together with any applicable statutory interest charges, and this suit shall then be dismissed with prejudice, with each party to bear his own costs.”
The appellants contend that the stipulation means that the assessments for 1968 should be as originally assessed by the tax assessor, without any consideration being given to Judge Riegle’s final judgment in the tax suit involving taxes for the years 1966 and 1967, wherein Judge Riegle had reduced the taxes on the Tomoka Farms property for said years 1966 and 1967.
The appellees contend that said stipulation supra, means the “originally assessed for 1968” is as modified by Judge Riegle’s final judgment, supra.
The trial court in this suit agreed with the appellees and we agree with the trial court. We think it is a clear construction of the stipulation when taken together with the remainder of the stipulation and the “state of the pleadings at the time that the said stipulation was entered into” (as found by the trial court in this case), that the original assessment means as assessed by Judge Riegle’s final judgment.
Insofar as the order appealed is in error as to the payment of the remainder of taxes for 1968, if this has not been satisfactorily stipulated, then the trial court is hereby directed to correct his order to speak the truth.
*318 Subject to the correction of the order shown supra, the order appealed is hereby Affirmed.
RAWLS, Acting C. J., JOHNSON, J., and GOODFRIEND, SAM, Associate Judge, concur.